IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Jose Tostado Sanchez, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 25 C 5443 |
| | ) |
| Crown Equipment Corporation | ) |
| and Eduardo Ruiz, | ) |
| | ) |
| Defendants. | ) |

Memorandum Opinion and Order

According to the operative complaint, on February 23, 2024, defendant Eduardo Ruiz was operating a forklift on the premises of an ice cream distributor where he was employed along with Jose Tostado Sanchez. While the forklift was equipped with lights and alarms that activated when the forklift was in reverse, they were not functioning properly. Tostado Sanchez was working nearby when Ruiz backed the forklift over Tostado Sanchez's foot, causing injury.

Tostado Sanchez filed suit in Illinois state court, bringing negligence claims against Ruiz and Crown Equipment Corporation, which he alleges is the entity responsible for designing, manufacturing, assembling, distributing, maintaining, renting, and/or selling the forklift at issue. Crown Equipment removed the

case to this court. Tostado Sanchez moves to remand and Crown Equipment moves to dismiss the claim against it under Federal Rule of Civil Procedure 12(b)(6). Tostado Sanchez has also moved for leave to file a third amended complaint. For the reasons discussed below, all three motions are denied.

I.

In removing this case to federal court, Crown Equipment invokes diversity jurisdiction under 28 U.S.C. § 1332(a). Though diversity of citizenship appears to be lacking at first glance because both Tostado Sanchez and Ruiz are Illinois citizens,[1] Crown Equipment maintains that Ruiz's citizenship can be ignored pursuant to the fraudulent joinder doctrine.

The fraudulent joinder doctrine "permits a district court considering removal 'to disregard, for jurisdictional purposes, the citizenship of certain nondiverse defendants, assume jurisdiction over a case, dismiss the nondiverse defendants, and thereby retain jurisdiction.'" *Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 763 (7th Cir. 2009) (footnote omitted) (citation and internal quotation marks omitted). Fraudulent

---

[1] Though neither the second amended complaint nor the notice of removal sufficiently alleges Ruiz's citizenship--alleging only his "residence"--Tostado Sanchez's proposed third amended complaint, discussed more below, alleges that Ruiz is an Illinois citizen. *See* ECF 22-1 ¶ 3. While that is not the operative complaint, I will consider it sufficient evidence at this stage of Ruiz's Illinois citizenship.

2

joinder is "difficult to establish" and a defendant relying on it "faces a heavy burden" to demonstrate its applicability. *Id.* at 764 (citations and internal quotation marks omitted). "The defendant must show that, after resolving all issues of fact *and law* in favor of the plaintiff, the plaintiff cannot establish a cause of action against the in-state defendant." *Poulos v. Naas Foods, Inc.*, 959 F.2d 69, 73 (7th Cir. 1992) (emphasis in original) (citation omitted). In other words, the defendant must show the plaintiff has no "reasonable possibility of success" against the nondiverse defendant. *Schur*, 577 F.3d at 764.[2]

Crown Equipment argues that Tostado Sanchez has no reasonable possibility of success against Ruiz because the Illinois Workers' Compensation Act ("IWCA") bars any work-related negligence claim Tostado Sanchez might have against a coworker. *See* 820 Ill. Comp. Stat. 305/5(a). Tostado Sanchez acknowledges that, under the IWCA, "[a] coemployee acting in the course of his employment who accidentally injures an employee is immune from a common law negligence action." *Xiao Ling Peng v. Nardi*, 163 N.E.3d 133, 136–37 (Ill. App. Ct. 2017) (citing *Ramsey v. Morrison*, 676 N.E.2d 1304, 1308 (1997)). In his view, however, his claim falls within

---

[2] As many courts have observed, though the doctrine is called "fraudulent joinder," "proof of fraud, though sufficient, is not necessary for retention of federal jurisdiction." *Walton v. Bayer Corp.*, 643 F.3d 994, 999 (7th Cir. 2011). "[A]ll that's required is proof that the claim against the nondiverse defendant is utterly groundless." *Id.*

3

one of the exceptions to this exclusivity provision, which permits actions against coworkers for non-accidental injuries, "such as an intentionally inflicted injury." *Id.* at 137–38 (citations omitted).[3]

Tostado Sanchez alleges in the second amended complaint that, while knowing the reversing lights and alarm were not functioning, Ruiz backed the forklift over Tostado Sanchez's foot. *See* Second Amended Complaint ("SAC"), ECF 1-4 ¶¶ 8, 10. He further alleges that Ruiz "was negligent in one or more of the following respects": (1) that he "[n]egligently reversed the forklift over [Tostado Sanchez's] foot"; and (2) he "[f]ailed to warn [Tostado Sanchez] he was reversing the aforesaid forklift in a manner necessary to prevent serious and traumatic injuries." *Id.* ¶ 13.[4]

Tostado Sanchez argues these allegations suffice to maintain a claim for "gross misconduct or reckless and/or intentional conduct." Mot., ECF 13 at 6. To the extent the allegations could sustain a claim for reckless conduct, such conduct falls within the IWCA's exclusivity provision just as a claim for negligence does. *See Arnold v. Janssen Pharmaceutica, Inc.*, 215 F. Supp. 2d 951, 958 (N.D. Ill. 2002) (explaining that claims for "willful and

---

[3] There are other available exceptions, but Tostado Sanchez does not argue any of them applies.

[4] The second amended complaint has a paragraph 13 under Count I against Crown Equipment, and another paragraph 13 under Count II against Ruiz. This citation is to the paragraph 13 under Count II.

4

wanton misconduct," which includes reckless conduct, "like ordinary negligence actions, are barred by the IWCA." (citations omitted)).

What Tostado Sanchez needs to avoid IWCA preclusion is a claim that Ruiz intentionally injured him. But reckless conduct is the upper limit of what these allegations could support, since at most Ruiz's awareness of the broken reversal lights and alarms constituted an "utter indifference" or "conscious disregard for the safety of" Tostado Sanchez. *Harris v. Thompson*, 976 N.E.2d 999, 1011 (Ill. 2012) (citation omitted) (describing what constitutes reckless conduct). Contrary to Tostado Sanchez's argument, the problem is not that the claim is labeled as one for negligence, it is that there is no way to draw the inference that Ruiz acted intentionally based on the second amended complaint's allegations. That means Tostado Sanchez cannot avail him of his claimed exception to the IWCA, and his negligence or recklessness claim against Ruiz is foreclosed.

Because Tostado Sanchez has no reasonable possibility of success against Ruiz based on the operative complaint, Ruiz is dismissed as fraudulently joined. That leaves complete diversity of citizenship among the remaining parties, so Ruiz's motion to remand, including his request for costs under 28 U.S.C. § 1447(c), is denied.

5

II.

Crown Equipment moves to dismiss the negligence claim against it under Rule 12(b)(6), arguing that the allegations in the second amended complaint do not plausibly support a basis for liability. It faults Tostado Sanchez for failing to include a host of facts such as when the issue with the forklift's lights and alarm first occurred, whether Crown Equipment was ever notified, whether Crown Equipment inspected the forklift, and more. *See* Mot., ECF 8 at 4–5. These facts might be relevant on the merits of Tostado Sanchez's claim at summary judgment or at trial, but he is not required to plead detailed facts in his complaint.

The allegations include that Crown Equipment was "in the business of designing, manufacturing, assembling, distributing, maintaining, renting, and/or selling industrial machinery, including forklifts," SAC ¶ 1, and that it "owned, "rented, and/or maintained approximately six forklifts located at" Tostado Sanchez's employer, *id.* ¶ 3. The lights and alarms on these forklifts were "repaired, serviced, and/or maintained" by Crown Equipment. *Id.* ¶ 5. The forklift that injured Tostado Sanchez lacked working reversal lights and alarms. *Id.* ¶ 9.

From these allegations, I can reasonably infer that Crown Equipment breached its duty to maintain the lights and alarms, and that if it had instead fulfilled its duty, Tostado Sanchez would have heard or seen the approaching forklift and avoided injury.

6

These facts plausibly support Crown Equipment's negligence. While the second amended complaint does not include additional detail, it provides sufficient non-conclusory allegations to put Crown Equipment on notice of the claims against it. *See R3 Composites Corp. v. G&S Sales Corp.*, 960 F.3d 935, 942 (7th Cir. 2020) ("In our system of notice pleading, complaints need only plead facts sufficient to put defendants on notice of the claims against them."); *Orr v. Shicker*, 147 F.4th 734, 740 (7th Cir. 2025) ("Our notice-pleading standard is deliberately 'undemanding.'" (quoting *Brockett v. Effingham City*, 116 F.4th 680, 684 (7th Cir. 2024))). Accordingly, the motion to dismiss is denied.

### III.

In light of the above, the second amended complaint remains pending against Crown Equipment only. Jurisdiction is secure because plaintiff is an Illinois citizen and Crown Equipment is an Ohio citizen. In a brief filed by Tostado Sanchez in response to my request for more information about Ruiz's citizenship, Tostado Sanchez moves for leave to file a third amended complaint. *See* ECF 22. The proposed third amended complaint joins Ruiz, alleging he is an Illinois citizen and alleging a willful and wanton misconduct count against him. It also joins Three-P Realty, LLC, against which Tostado Sanchez proposes to bring a negligence count.

Leave to amend should be "freely give[n] . . . when justice so requires," Fed. R. Civ. P. 15(a)(2), but may be denied where

7

there is "futility, undue delay, undue prejudice, or bad faith," *NewSpin Sports, LLC v. Arrow Elecs., Inc.*, 910 F.3d 293, 310 (7th Cir. 2018).

Like the second amended complaint, the proposed third amended complaint once again fails to allege facts supporting the inference that Ruiz acted intentionally, so the claim against him would be barred once more by the IWCA.

The same is true of Three-P.[5] The only factual allegation about Three-P found in the proposed third amended complaint is that it owns, operates, and/or manages the property where Tostado Sanchez was injured. *See* ECF 22-1 ¶¶ 9, 18. From there, Tostado Sanchez seeks to hold Three-P liable for allowing poor "visibility and aisle clearance," failing to implement forklift safety protocols, and failing to coordinate with tenants regarding the "safe use of industrial machinery." *Id.* ¶ 26. But Three-P's ownership of the property alone does not plausibly give rise to these specific duties, particularly given that the accident involved a piece of equipment Three-P is not alleged to have had any involvement with. As with Ruiz, the barebones, conclusory

---

[5] Ruiz alleges that Three-P's presence would defeat federal jurisdiction, but his allegations regarding Three-P's citizenship are inadequate. The proposed third amended complaint alleges that Three-P Realty, LLC is "a domestic Illinois limited liability company with its principal place of business in Illinois." ECF 22-1 ¶ 4. That is meaningless for purposes of diversity jurisdiction. An LLC's citizenship is the citizenship of each of its members. *Page v. Democratic Nat'l Comm.*, 2 F.4th 630, 636 (7th Cir. 2021).

nature of the proposed new allegations once again yields the conclusion that its addition is meant only to defeat jurisdiction.

Accordingly, plaintiff's motion for leave to file a third amended complaint is denied. Plaintiff's claim against Crown Equipment will proceed under the second amended complaint.

                    **ENTER ORDER:**

*/s/ Elaine E. Bucklo*
**Elaine E. Bucklo**
United States District Judge

Dated: September 29, 2025